**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:** <br> **(AVISO AL DEMANDADO):** <br> NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, a District of Columbia Corporation; Additional Parties Attachment form is attached. <br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> **(LO ESTÁ DEMANDANDO EL DEMANDANTE):** <br> VERONICA VALLEJO, an individual, natural mother and statutory heir of decedent DONTONIO DAMAR GRIER, and successor in interest to the Estate of DONTONIO DAMAR GRIER | *FOR COURT USE ONLY* <br> *(SOLO PARA USO DE LA CORTE)* <br><br> **Electronically FILED by Superior Court of California, County of Los Angeles 9/08/2025 10:13 PM David W. Slayton, Executive Officer/Clerk of Court, By L. Galustyan, Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es:)*  Chatsworth Courthouse <br><br> 9425 Penfield Ave., Chatsworth, CA 91311 | **CASE NUMBER:** <br> *(Número del Caso:)* <br><br> 25CHCV03208 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*
 Sepideh Hersel, Esq. CHAT Law Group, LLP, 8383 Wilshire Blvd Ste. 655, Beverly Hills, CA 90211

| | | | |
|---|---|---|---|
| DATE: <br> *(Fecha)*  09/08/2025 | Clerk, by <br> *(Secretario)*  L. Galustyan | , Deputy <br> *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> *www.courtinfo.ca.gov* |

**SUM-200(A)**

| SHORT TITLE: <br> VALLEJO v. NATIONAL RAILROAD PASSENGER CORPORATION, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

META PLATFORMS, INC., a Delaware Corporation; Defendant BYTEDANCE INC., a Delaware Corporation; Defendant TIKTOK INC., a California Corporation; Defendant SNAP INC., a California Corporation; Defendant GOOGLE LLC, a Delaware Corporation; and DOES 1 to 50, inclusive

Page ___2___ of ___2___

**Page 1 of 1**

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/08/2025 10:13 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By L. Galustyan, Deputy Clerk

**CHAT LAW GROUP, LLP**
Sepideh Hersel, Esq. (SBN 226017)
8383 Wilshire Boulevard, Suite 655
Beverly Hills, CA 90211
Tel: (310) 988-1008; Fax: (310) 912-6590
sepideh@chatlawgroup.com

Attorney for Plaintiff,
VERONICA VALLEJO

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| VERONICA VALLEJO, an individual, natural mother and statutory heir of decedent DONTONIO DAMAR GRIER, and successor in interest to the Estate of DONTONIO DAMAR GRIER,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, a District of Columbia Corporation; META PLATFORMS, INC., a Delaware Corporation; Defendant BYTEDANCE INC., a Delaware Corporation; Defendant TIKTOK INC., a California Corporation; Defendant SNAP INC., a California Corporation; Defendant GOOGLE LLC, a Delaware Corporation; and DOES 1 to 50, inclusive<br><br>Defendants. | CASE NO.: 25CHCV03208<br><br>**COMPLAINT**<br><br>1. **GENERAL NEGLIGENCE**<br>2. **WRONGFUL DEATH (CCP § 377.60)**<br>3. **SURVIVAL ACTION (CCP § 377.30)**<br>4. **STRICT LIABILITY – DESIGN DEFECT**<br>5. **STRICT LIABILITY – FAILURE TO WARN**<br>6. **PUBLIC NUISANCE**<br>7. **NEGLIGENT HIRING, SUPERVISION, AND RETENTION**<br>8. **PREMISES LIABILITY**<br>9. **GROSS NEGLIGENCE**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

///

///

///

1

COMES NOW Plaintiff VERONICA VALLEJO ("VALLEJO" or "Plaintiff"), an individual, the natural mother and statutory heir of decedent DONTONIO DAMAR GRIER ("DONTONIO" or "Decedent"), and the duly authorized successor in interest to the Estate of DONTONIO DAMAR GRIER pursuant to California Code of Civil Procedure section 377.30, and complains against Defendants NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, META PLATFORMS, INC., BYTEDANCE INC., TIKTOK INC., SNAP INC., GOOGLE LLC dba YOUTUBE, and DOES 1 through 50, inclusive, and each of them, as follows:

**PARTIES**

1.     Plaintiff VERONICA VALLEJO ("VALLEJO" or "Plaintiff") is, and at all relevant times was, an adult resident of the County of Maricopa, State of Arizona. Plaintiff is the natural mother and statutory heir of Decedent, DONTONIO DAMAR GRIER, who died on September 8, 2023, in Northridge, California, as a direct and proximate result of the wrongful conduct alleged herein. Plaintiff brings this action individually pursuant to California Code of Civil Procedure section 377.60 for the wrongful death of her son, and as successor in interest to the Estate of DONTONIO DAMAR GRIER pursuant to California Code of Civil Procedure section 377.30.

2.     Plaintiff is informed and believes, and thereupon alleges, that Defendant NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK ("AMTRAK" or "Defendant") is a District of Columbia corporation, authorized to do business in the State of California, and at all times relevant herein owned, operated, managed, maintained, and controlled passenger trains, rail lines, and related operations within the State of California, including in Los Angeles County where the incident giving rise to this action occurred. Plaintiff is informed and believes, and thereupon alleges, that AMTRAK was and is a common carrier within the meaning of California Civil Code § 2100, owing its passengers the utmost duty of care. Plaintiff is further informed and believes, and thereupon alleges, that AMTRAK was responsible for the hiring, training, supervision, and retention of its

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

1    employees, including conductors and crew, and that AMTRAK's failure in these respects

2    contributed directly to the fatal incident alleged herein.

3        3.    Plaintiff is informed and believes, and thereupon alleges, that Defendant

4    META PLATFORMS, INC. ("META" or "Defendant") is a Delaware corporation with its

5    principal place of business in Menlo Park, California, and at all relevant times designed,

6    developed, marketed, distributed, and maintained online social media platforms including

7    Facebook and Instagram, which were accessible and used in the State of California.

8    Plaintiff is informed and believes, and thereupon alleges, that META designed and

9    deployed algorithms and features that promoted and amplified hazardous content,

10   including content glorifying "train surfing," and that META placed profits and engagement

11   metrics above user safety.

12       4.    Plaintiff is informed and believes, and thereupon alleges, that Defendant

13   BYTEDANCE INC. ("BYTEDANCE" or "Defendant") is a Delaware corporation with its

14   principal place of business in Mountain View, California, and at all relevant times

15   designed, developed, marketed, distributed, and maintained online social media

16   platforms, including TikTok.

17       5.    Plaintiff is informed and believes, and thereupon alleges, that Defendant

18   TIKTOK INC. ("TIKTOK" or "Defendant") is a California corporation with its principal place

19   of business in Culver City, California, and at all relevant times designed, developed,

20   marketed, distributed, and maintained the TikTok social media platform. Plaintiff is

21   informed and believes, and thereupon alleges, that TikTok and BYTEDANCE, acting

22   jointly and severally, intentionally designed their platforms in ways that encouraged viral

23   dissemination of dangerous stunts like "train surfing" despite actual knowledge of deaths

24   and injuries caused by such conduct.

25       6.    Plaintiff is informed and believes, and thereupon alleges, that Defendant

26   SNAP INC. ("SNAP" or "Defendant") is a California corporation with its principal place of

27   business in Santa Monica, California, and at all relevant times designed, developed,

28   marketed, distributed, and maintained the Snapchat social media platform.

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

7.    Plaintiff is informed and believes, and thereupon alleges, that Defendant GOOGLE LLC ("GOOGLE" or "Defendant") is a Delaware limited liability company, with its principal place of business in Mountain View, California, and at all relevant times designed, developed, marketed, distributed, and maintained the YouTube social media platform.

8.    The true names, identities, or capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants DOES 1 through 50, inclusive, are unknown to Plaintiff at this time, who therefore sues such Defendants by such fictitious names. When the true names, identities, capacities, or participation of such fictitiously designated DOE Defendants are ascertained, Plaintiff will seek leave of this Court to amend this Complaint accordingly and insert said names, identities, and/or capacities, together with the proper charging allegations.

9.    Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and legally caused injury and damages proximately thereby to Plaintiff as herein alleged.

10.    Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, each of the Defendants named herein, including each DOE Defendant, was the agent, servant, partner, employee, joint venturer, and/or co-conspirator of the remaining Defendants, and was at all such times acting within the purpose and scope of such agency, service, employment, partnership, and/or joint venture. Plaintiff is further informed and believes, and thereupon alleges, that all Defendants acted in concert and conspired with, aided, abetted, ratified, or otherwise adopted and approved the conduct of the other Defendants, and that each is jointly and severally liable for the wrongful acts alleged herein.

///
///
///

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

4
**COMPLAINT**

**CHAT Law Group, LLP**
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

**JURISDICTION AND VENUE**

11.    This Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10 because Defendants transact business within the State of California and because the acts and omissions giving rise to this action occurred within the State of California, including the County of Los Angeles.

12.    Venue is proper in the Superior Court of the State of California for the County of Los Angeles pursuant to California Code of Civil Procedure § 395 because the wrongful death of Decedent occurred in Northridge, California, within Los Angeles County, and because Defendants AMTRAK, META, BYTEDANCE, TIKTOK, SNAP, and GOOGLE transact substantial business in this county.

**FACTUAL ALLEGATIONS**

13.    On or about September 8, 2023, DONTONIO DAMAR GRIER ("DECEDENT"), was present on a National Railroad Passenger Corporation dba AMTRAK passenger train traveling in or through Northridge, County of Los Angeles, State of California.

14.    At said time and place, DECEDENT was engaging in the dangerous act commonly known as "train surfing" (i.e., riding on the exterior portions of the moving train). Based on Plaintiff's information and belief, DECEDENT slipped while train surfing and, as a direct and proximate result of that fall, suffered fatal injuries and died on or about September 8, 2023, in Northridge, California.

15.    The Los Angeles County death certificate for DECEDENT confirms that his body was discovered near Lindley Avenue, south of Parthenia Street, in Northridge, California, consistent with his fall from the Amtrak train on the date of the incident.

16.    Prior to DECEDENT's fall, other passengers on the train observed DECEDENT engaging in the hazardous conduct and reported his conduct to Amtrak conductors, crew, and/or other Amtrak personnel. Plaintiff is informed and believes, and thereupon alleges, that such reports put Amtrak on actual notice that a person was riding

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

1  outside of the passenger compartment in a manner that posed an imminent risk of serious

2  injury or death.

3      17. Despite receiving reports from passengers and having actual or

4  constructive notice of DECEDENT's dangerous on-train conduct, Amtrak conductors,

5  crew, and/or other Amtrak personnel failed to take reasonable and necessary actions to

6  prevent the foreseeable harm, including but not limited to: stopping the train, slowing the

7  train, stopping operations to remove DECEDENT from the exterior of the train, warning

8  DECEDENT, notifying law enforcement, providing direct intervention, or otherwise

9  securing DECEDENT's safety.

10      18. Plaintiff is informed and believes, and thereupon alleges, that Defendant

11  AMTRAK negligently failed to properly hire, train, supervise, and retain competent

12  employees capable of responding to hazardous passenger conduct. Amtrak failed to

13  adopt or enforce reasonable safety protocols requiring intervention when passengers

14  reported dangerous conduct, and knowingly retained employees who were unfit,

15  untrained, or unwilling to exercise the heightened care required of a common carrier.

16      19. Plaintiff is informed and believes, and thereupon alleges, that AMTRAK's

17  train, including its exterior surfaces, constituted premises under its control. By failing to

18  secure, restrict, or render safe the exterior portions of the train, despite actual notice of

19  DECEDENT's presence there, AMTRAK maintained a dangerous condition of property

20  that directly contributed to DECEDENT's fall and fatal injuries.

21      20. DECEDENT was twenty-nine (29) years old at the time of his death and

22  was experiencing homelessness. Plaintiff is informed and believes, and thereupon

23  alleges, that DECEDENT's homelessness and lack of stable housing rendered him

24  especially vulnerable to external influences and to engaging in risky conduct without

25  adequate supervision or support.

26      21. Plaintiff is informed and believes, and thereupon alleges, that at all times

27  relevant hereto the following entities designed, operated, controlled, and profited from

28  widely used social media and video-sharing platforms that enable creation, hosting,

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

algorithmic recommendation, and wide dissemination of short-form and long-form user content: META PLATFORMS, INC. (Facebook, Instagram), BYTEDANCE INC. and TIKTOK INC. (TikTok), SNAP INC. (Snapchat), and GOOGLE LLC dba YOUTUBE (YouTube) (collectively, "SOCIAL MEDIA DEFENDANTS" or "PLATFORM DEFENDANTS").

22. Plaintiff is informed and believes, and thereupon alleges, that the SOCIAL MEDIA DEFENDANTS' platforms have been used for the creation and dissemination of videos and other content that depict, demonstrate, celebrate, or otherwise promote "train surfing," "subway surfing," and other similar dangerous stunts (collectively, "TRAIN SURFING CONTENT"), including step-by-step recordings, challenges, and "how-to" style posts that normalize and glamorize the conduct.

23. Plaintiff is informed and believes, and thereupon alleges, that the SOCIAL MEDIA DEFENDANTS' content recommendation, ranking, and delivery algorithms (including but not limited to "For You" or "recommended" feeds, autoplay, infinite scroll, and related engagement-optimization features) routinely and repeatedly promote TRAIN SURFING CONTENT to broad audiences, including vulnerable adults and juveniles and that such algorithms amplify and normalize dangerous conduct by increasing the visibility and perceived social approval of such content.

24. Plaintiff is informed and believes, and thereupon alleges, that the SOCIAL MEDIA DEFENDANTS had actual or constructive knowledge that TRAIN SURFING CONTENT was being posted, viewed, and shared on their platforms and that such content had previously resulted in serious injuries and deaths in other jurisdictions. Plaintiff is informed and believes, and thereupon alleges, that the SOCIAL MEDIA DEFENDANTS nevertheless failed to implement reasonable safeguards, such as effective age gating, proactive de-amplification of dangerously instructional content, robust notice/removal policies targeted to this hazard, prominent safety warnings, or cooperation with transit authorities that would have reduced the likelihood that foreseeable users would be exposed to and imitate such deadly conduct.

---

7

**COMPLAINT**

25.    Plaintiff is informed and believes, and thereupon alleges, that the SOCIAL MEDIA DEFENDANTS' conduct in designing, operating, and promoting their platforms' recommendation systems and in failing to adequately remove, restrict, or de-emphasize TRAIN SURFING CONTENT foreseeably encouraged and materially contributed to the spread, normalization, and imitation of train surfing behavior.

26.    Plaintiff is informed and believes, and thereupon alleges, that the SOCIAL MEDIA DEFENDANTS' design, promotion, and amplification of TRAIN SURFING CONTENT created and maintained a public nuisance under California Civil Code §§ 3479–3480 by unreasonably endangering the health and safety of the public at large, particularly teenagers and young adults who were foreseeably encouraged to imitate deadly stunts.

27.    Plaintiff is informed and believes, and thereupon alleges, that DECEDENT was exposed to and influenced by TRAIN SURFING CONTENT on one or more of the SOCIAL MEDIA DEFENDANTS' platforms (or by the broader cultural normalizing effect produced by such platforms), and that such exposure was a contributing cause of DECEDENT's decision to ride on the exterior of the Amtrak train on September 8, 2023.

28.    Plaintiff is informed and believes, and thereupon alleges, that both AMTRAK and the SOCIAL MEDIA DEFENDANTS acted with reckless disregard for known, obvious, and imminent dangers. AMTRAK ignored direct passenger reports of DECEDENT's peril, while the SOCIAL MEDIA DEFENDANTS continued to amplify and profit from content known to cause deaths and catastrophic injuries. This conduct constituted a want of even scant care and an extreme departure from the ordinary standard of conduct, amounting to gross negligence.

29.    As a direct and proximate result of the foregoing acts and omissions of Defendants, DECEDENT suffered catastrophic and fatal injuries and died on or about September 8, 2023. As a further direct and proximate result, Plaintiff has sustained and will sustain: funeral and burial expenses; loss of the love, companionship, comfort, care,

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

assistance, protection, affection, society, and moral support of her son; and other damages and losses according to proof at trial.

## FIRST CAUSE OF ACTION

### GENERAL NEGLIGENCE

### (Against Defendants AMTRAK, META, BYTEDANCE, TIKTOK, SNAP, and GOOGLE, and DOES 1-50)

30.    Plaintiff repeats, re-alleges and incorporates by reference each and all of the allegations contained in paragraphs 1 through 29, inclusive, of this complaint, and by this reference incorporate the same into this cause of action herein.

31.    At all times relevant hereto, Defendants, and each of them, owed DECEDENT and the public a duty to exercise ordinary care in the ownership, operation, inspection, monitoring, supervision, design, maintenance, and/or dissemination of their train operations, premises, and online platforms, and to take reasonable steps to prevent foreseeable harm to persons, including foreseeable deaths and serious bodily injury resulting from train surfing and related hazardous conduct.

32.    Defendants breached their duties to DECEDENT and to Plaintiff in one or more of the following respects (the following acts and omissions are illustrative and not exhaustive):

a. AMTRAK breached its duty by failing to take reasonable actions after receiving passenger reports that DECEDENT was riding on exterior portions of the train, including but not limited to: failing to stop or slow the train, failing to warn DECEDENT, failing to remove DECEDENT safely from the exterior of the train, failing to notify law enforcement or other safety personnel when immediate intervention was required, failing to train or supervise conductors and crew to respond to reports of persons riding outside the passenger compartment, and failing to adopt, implement, or follow policies and procedures reasonably designed to prevent or reduce the risk of persons riding on exterior portions of an operating train.

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

**COMPLAINT**

b. The SOCIAL MEDIA DEFENDANTS breached their duties by, among other things, designing, deploying, and operating algorithmic recommendation systems and platform features that amplified TRAIN SURFING CONTENT; affirmatively encouraging and promoting hazardous conduct through their recommendation and "trending" features; failing to implement reasonable and available measures to prevent the spread and glorification of clearly dangerous instructional content (including removal, de-amplification, age-gating, or placement of conspicuous safety warnings); failing to heed or act upon their actual or constructive knowledge of prior injuries and fatalities associated with train/subway surfing content; and prioritizing engagement, virality, and growth metrics over reasonably foreseeable risks of death and serious injury to vulnerable users.

c. All Defendants failed to act in a reasonably prudent manner under the circumstances and otherwise negligently and carelessly failed to exercise due care for the safety of DECEDENT and other persons.

33.     Plaintiff is informed and believes, and thereupon alleges, that each of the above-described negligent acts and omissions was done intentionally, recklessly, and with conscious disregard for the safety of others, including DECEDENT.

34.     As a direct and proximate result of the negligence of Defendants, and each of them, DECEDENT suffered fatal injuries and died on or about September 8, 2023. Plaintiff, as the surviving mother and statutory heir of DECEDENT, has thereby sustained damages recoverable under California law, including but not limited to funeral and burial expenses and the loss of the love, comfort, companionship, care, assistance, protection, affection, and moral support of DECEDENT, all to Plaintiff's damage in an amount according to proof at trial.

35.     Plaintiff will also seek punitive and exemplary damages against any Defendant whose conduct is shown to have been willful, malicious, oppressive, fraudulent, or carried out with conscious disregard for the safety of others, to the extent permitted under California law.

///

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

**SECOND CAUSE OF ACTION**

**WRONGFUL DEATH (CCP § 377.60)**

**(Against Defendants AMTRAK, META, BYTEDANCE, TIKTOK, SNAP, and**

**GOOGLE, and DOES 1-50)**

36.    Plaintiff repeats, re-alleges and incorporates by reference each and all of the allegations contained in paragraphs 1 through 35, inclusive, of this complaint, and by this reference incorporate the same into this cause of action herein.

37.    Plaintiff VALLEJO, the natural mother of the DECEDENT, brings this cause of action for wrongful death pursuant to California Code of Civil Procedure § 377.60. Plaintiff is a statutory heir of DECEDENT and has standing to bring this action.

38.    As alleged above, on or about September 8, 2023, DECEDENT DONTONIO DAMAR GRIER was fatally injured in Northridge, California, while "train surfing" on an Amtrak train after slipping and falling from the exterior of the moving train.

39.    Plaintiff is informed and believes, and thereupon alleges, that prior to DECEDENT's fall, passengers reported his hazardous conduct to Amtrak conductors, crew, and/or other Amtrak personnel. Despite having actual or constructive notice of the imminent danger, Amtrak negligently failed to take reasonable measures to prevent DECEDENT's foreseeable injury and death.

40.    Plaintiff is further informed and believes, and thereupon alleges, that the SOCIAL MEDIA DEFENDANTS negligently and defectively designed, operated, and maintained their social media platforms in ways that encouraged, promoted, and normalized inherently dangerous "challenges" and stunts, including "train surfing" and "subway surfing." These Defendants designed and deployed algorithmic recommendation systems that disproportionately amplified such content, failed to remove or restrict content glorifying hazardous conduct despite notice of prior injuries and deaths, and failed to implement age-appropriate warnings, filters, or other safety measures to protect vulnerable users.

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

**COMPLAINT**

41.     Plaintiff is informed and believes, and thereupon alleges, that DECEDENT was exposed to such content on one or more of the SOCIAL MEDIA DEFENDANTS' platforms, and that the content materially contributed to his decision to engage in train surfing. Defendants' business models prioritized user engagement, advertising revenue, and viral growth over the foreseeable risks of death and catastrophic injury posed by the dissemination of this content.

42.     As a direct and proximate result of the wrongful acts and omissions of Defendants, and each of them, DECEDENT suffered fatal injuries and died.

43.     Plaintiff, as the surviving mother of DECEDENT, has thereby sustained pecuniary and non-pecuniary damages recoverable under California law, including but not limited to: The loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support of her son; The loss of financial support, services, and contributions that DECEDENT would have reasonably provided to Plaintiff during his natural life; Funeral, burial, and related expenses; and All other wrongful death damages permitted under California Code of Civil Procedure §377.60.

44.     Plaintiff seeks general and special damages according to proof at trial, together with interest, costs of suit, and such further relief as the Court deems just and proper. To the extent permitted by law, Plaintiff also seeks punitive and exemplary damages through the Survival Action cause of action against any Defendant whose conduct was willful, malicious, oppressive, fraudulent, or carried out with a conscious disregard for the safety of others.

### **THIRD CAUSE OF ACTION**

### **SURVIVAL ACTION (CCP §377.30)**

### **(Against Defendants AMTRAK, META, BYTEDANCE, TIKTOK, SNAP, and GOOGLE, and DOES 1-50)**

45.     Plaintiff repeats, re-alleges and incorporates by reference each and all of the allegations contained in paragraphs 1 through 44, inclusive, of this complaint, and by this reference incorporate the same into this cause of action herein.

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

**COMPLAINT**

46.     Plaintiff VERONICA VALLEJO brings this cause of action as successor in interest to the Estate of DONTONIO DAMAR GRIER pursuant to California Code of Civil Procedure section 377.30. Plaintiff has complied with the requirements of Code of Civil Procedure section 377.32 by executing and filing a declaration establishing her status as successor in interest, together with a copy of the death certificate of DONTONIO DAMAR GRIER, attached hereto as Exhibit A.

47.     At all relevant times, Defendants, and each of them, owed DECEDENT a duty of care, as set forth more fully above. Defendants breached those duties through the negligent, reckless, intentional, and unlawful acts and omissions alleged herein, including but not limited to Amtrak's failure to take reasonable action after receiving reports of DECEDENT's perilous conduct and the SOCIAL MEDIA DEFENDANTS' failure to regulate, restrict, or warn against viral content glorifying train surfing.

48.     As a direct and proximate result of the wrongful conduct of Defendants, and each of them, DECEDENT suffered injuries, conscious pain and suffering, emotional distress, and fear prior to his death.

49.     As a further direct and proximate result of Defendants' conduct, the Estate of DECEDENT has incurred, and will continue to incur, economic losses, including but not limited to medical expenses, funeral and burial expenses, and other pecuniary losses, in an amount according to proof at trial.

50.     Pursuant to Civil Code section 3294 and applicable law, Plaintiff, as successor in interest, seeks punitive and exemplary damages against Defendants, and each of them, for their willful, malicious, oppressive, fraudulent, or despicable conduct carried out with conscious disregard for the safety of others.

51.     The Estate of DECEDENT therefore seeks damages as permitted under California law, including compensatory damages, punitive damages where appropriate, costs of suit, and all further relief the Court deems just and proper.

///

///

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

13

**COMPLAINT**

**FOURTH CAUSE OF ACTION**

**STRICT PRODUCTS LIABILITY – DESIGN DEFECT**

**(Against Defendants META, BYTEDANCE, TIKTOK, SNAP, and GOOGLE, and**

**DOES 1-50)**

52.     Plaintiff repeats, re-alleges and incorporates by reference each and all of the allegations contained in paragraphs 1 through 51 inclusive, of this complaint, and by this reference incorporate the same into this cause of action herein.

53.     At all times relevant, SOCIAL MEDIA DEFENDANTS designed, developed, manufactured, marketed, distributed, and/or sold social media products and services that were placed into the stream of commerce for use by the general public, including DECEDENT.

54.     The SOCIAL MEDIA DEFENDANTS' platforms, including Facebook, Instagram, TikTok, Snapchat, and YouTube, were defectively and unreasonably designed in that they incorporated features that foreseeably exposed vulnerable users, including DECEDENT, to dangerous content encouraging high-risk and deadly behaviors such as "train surfing" and "subway surfing."

55.     The design features rendering these platforms defective include, but are not limited to:

a. Algorithmic recommendation and "For You" feed systems that amplified viral content based on engagement rather than safety;

b. Infinite scroll, autoplay, push notifications, and other features intended to maximize user exposure to such content without reasonable safeguards;

c. Inadequate or nonexistent filters to block or restrict content that promotes hazardous stunts; and

d. A failure to incorporate available and feasible safety mechanisms, such as conspicuous warnings, content age-gating, or algorithmic de-prioritization of dangerous stunts.

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

14

**COMPLAINT**

56.     These design choices created an unreasonable risk of harm and rendered the platforms not reasonably safe for their intended or foreseeable use. Safer alternative designs were technologically and economically feasible at the time, including, but not limited to, the use of effective content moderation tools, default safety filters, or warning systems that would have materially reduced the risk of injury and death.

57.     As a direct and proximate result of the SOCIAL MEDIA DEFENDANTS' defective product design, DECEDENT was exposed to content glorifying train surfing, was foreseeably influenced to imitate such conduct, and ultimately suffered fatal injuries on September 8, 2023.

58.     As a direct and proximate result of the SOCIAL MEDIA DEFENDANTS' defective product design, Plaintiff, as the surviving mother and statutory heir of DECEDENT, has sustained wrongful death damages recoverable under California law, including pecuniary and non-pecuniary losses, funeral and burial expenses, and other damages according to proof, together with costs of suit and such further relief as the Court deems just and proper.

## **FIFTH CAUSE OF ACTION**

### **STRICT PRODUCTS LIABILITY – FAILURE TO WARN**

**(Against Defendants META, BYTEDANCE, TIKTOK, SNAP, and GOOGLE, and DOES 1-50)**

59.     Plaintiff repeats, re-alleges, and incorporates by reference each and all of the allegations contained in paragraphs 1 through 58, inclusive, of this Complaint, and by this reference incorporates the same into this cause of action herein.

60.     The SOCIAL MEDIA DEFENDANTS designed, developed, marketed, and distributed their platforms as described above. At all times relevant, Defendants knew or should have known that their products exposed users, including minors and vulnerable young adults such as DECEDENT, to harmful content promoting dangerous "challenges" and stunts, including train surfing and subway surfing.

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

15

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

61.     Despite this knowledge, the SOCIAL MEDIA DEFENDANTS failed to provide adequate or effective warnings regarding the foreseeable risks of exposure to such hazardous content. Specifically, Defendants failed to:

a. Warn users that the platforms' design and recommendation algorithms could expose them to dangerous stunt content;

b. Warn users or parents/guardians of the known history of injuries and fatalities associated with train surfing and related viral challenges;

c. Provide conspicuous and accessible warnings when users searched for, viewed, or engaged with train surfing or similar hazardous content;

d. Adequately disclose the addictive and compulsive nature of their engagement-driven design features that increase exposure to unsafe content.

62.     The absence of adequate warnings rendered the SOCIAL MEDIA DEFENDANTS' products unreasonably dangerous for their intended and foreseeable use.

63.     As a direct and proximate result of Defendants' failure to warn, DECEDENT was not reasonably informed of the risks, was exposed to train surfing content, and engaged in conduct that resulted in his death.

64.     Plaintiff, as the surviving mother and statutory heir of DECEDENT, has thereby sustained wrongful death damages recoverable under California law, including funeral and burial expenses and the loss of love, companionship, comfort, care, assistance, protection, affection, and moral support of DECEDENT, in an amount to be proven at trial.

65.     Plaintiff further alleges that Defendants acted with conscious disregard for the safety of their users by failing to warn of known and foreseeable dangers. Accordingly, Plaintiff seeks punitive and exemplary damages through the Survival Action cause of action, pursuant to Civil Code section 3294 and applicable law, together with costs of suit and such further relief as the Court deems just and proper.

///

16

**COMPLAINT**

**SIXTH CAUSE OF ACTION**

**PUBLIC NUISANCE (Cal. Civ. Code §§ 3479, 3480)**

**(Against Defendants META, BYTEDANCE, TIKTOK, SNAP, and GOOGLE, and**

**DOES 1-50)**

66.    Plaintiff repeats, re-alleges, and incorporates by reference each and all of the allegations contained in paragraphs 1 through 65 of this Complaint, and by this reference incorporates the same into this cause of action.

67.    California Civil Code § 3479 defines a nuisance as anything that is "injurious to health, … or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property." California Civil Code § 3480 provides that a public nuisance is one that affects "at the same time an entire community or neighborhood, or any considerable number of persons."

68.    Plaintiff is informed and believes, and thereon alleges, that the SOCIAL MEDIA DEFENDANTS have created, maintained, and profited from a widespread and ongoing public nuisance through the design, operation, and promotion of their social media platforms.

69.    Specifically, Defendants' platforms amplify, recommend, and distribute dangerous content and trends, including "train surfing" and other deadly stunts that foreseeably encourage teenagers, young adults, and other vulnerable users to imitate or participate in life-threatening behaviors.

70.    The algorithms, product design, and failure to implement adequate safety measures created and perpetuated a foreseeable and unreasonable risk of harm to the health and safety of the general public, including DECEDENT.

71.    The nuisance created by Defendants is public in nature because the harms are not confined to DECEDENT alone, but extend to the broader community of social media users, particularly teenagers and young adults who are exposed to a constant stream of algorithmically amplified dangerous content, normalizing and promoting life-endangering conduct.

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

72.     Defendants had actual and constructive knowledge that their platforms were being used to promote dangerous trends and challenges such as "train surfing." Despite widespread media coverage, warnings from parents, educators, public health authorities, and their own internal research, Defendants failed to remove such content, implement effective safeguards, or adequately warn users of the dangers.

73.     Plaintiff is informed and believes, and thereon alleges, that Defendants deliberately placed profits and user engagement above public safety, continuing to design their platforms in ways that maximize addictive use, increase exposure to extreme content, and perpetuate the circulation of hazardous and deadly material.

74.     As a direct and proximate result of Defendants' maintenance of this public nuisance, DECEDENT was exposed to, influenced by, and harmed by dangerous content that materially contributed to his decision to attempt "train surfing," which resulted in his death.

75.     The public nuisance created by Defendants has caused and continues to cause significant harm to public health, safety, and welfare, including the needless injury and death of numerous individuals exposed to hazardous social media content.

76.     Plaintiff, as the natural mother and statutory heir of DECEDENT, has suffered a special injury distinct from that of the general public, including but not limited to the wrongful death of her son, the loss of his love, companionship, and support, and other damages recoverable under California law.

77.     Plaintiff seeks damages for her special injuries, as well as injunctive and equitable relief to abate the ongoing nuisance, including but not limited to reasonable and practicable measures to reduce the foreseeable circulation and promotion of hazardous content, together with such other relief as the Court deems just and proper.

///

///

///

///

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

18

**COMPLAINT**

## SEVENTH CAUSE OF ACTION

### NEGLIGENT HIRING, SUPERVISION, AND RETENTION

### (Against Defendants AMTRAK, and DOES 1-50)

78.    Plaintiff repeats, re-alleges, and incorporates by reference each and all of the allegations contained in paragraphs 1 through 77 of this Complaint, and by this reference incorporates the same into this cause of action.

79.    At all times relevant hereto, Defendant AMTRAK was and is a common carrier subject to California Civil Code § 2100, which imposes on common carriers the duty to use the utmost care and diligence for the safe carriage of passengers, and the duty to provide everything necessary for that purpose.

80.    Defendant AMTRAK had a duty to hire, train, supervise, and retain competent and adequately qualified personnel, including train conductors, crew, and safety staff, to protect its passengers and the public from foreseeable harm, including the well-documented dangers associated with passengers riding on the exterior of trains.

81.    Plaintiff is informed and believes, and thereon alleges, that AMTRAK breached its duties by negligently hiring employees without adequate training or qualifications to respond to safety hazards; failing to properly supervise employees in responding to reported emergencies; failing to implement, enforce, or monitor adequate safety policies; and retaining employees who demonstrated incompetence or indifference to passenger safety.

82.    On September 8, 2023, passengers on the subject train reported directly to AMTRAK conductors and crew that DECEDENT was riding on the exterior portion of the moving train in imminent danger of death or serious injury. These reports put AMTRAK employees on actual notice of the peril.

83.    Despite this notice, AMTRAK's employees failed to take any reasonable safety measures, such as stopping or slowing the train, warning DECEDENT, contacting law enforcement, or otherwise intervening. Plaintiff is informed and believes, and thereon

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

19

**COMPLAINT**

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

1   alleges, that such failure was the direct result of AMTRAK's negligent hiring, supervision,

2   and retention of unfit personnel who lacked proper training, oversight, or competence.

3          84.    Defendant AMTRAK's conduct constituted a failure to exercise the utmost

4   care required of a common carrier and a substantial departure from reasonable safety

5   standards within the rail industry.

6          85.    As a direct and proximate result of AMTRAK's negligent hiring, supervision,

7   and retention, DECEDENT suffered fatal injuries when he fell from the exterior of the train.

8          86.    Plaintiff, as the natural mother and statutory heir of DECEDENT, has

9   thereby sustained wrongful death damages recoverable under California Code of Civil

10  Procedure section 377.60, including pecuniary and non-pecuniary losses, funeral and

11  burial expenses, and other damages according to proof at trial.

12         87.    To the extent permitted by law, Plaintiff, as successor in interest to the

13  Estate of DECEDENT, also seeks punitive and exemplary damages under Civil Code

14  section 3294 through the Survival Action cause of action against Defendant AMTRAK for

15  its willful, malicious, oppressive, or despicable conduct carried out with conscious

16  disregard for the safety of others.

17                          **EIGHTH CAUSE OF ACTION**

18                             **PREMISES LIABILITY**

19                  **(Against Defendants AMTRAK, and DOES 1-50)**

20         88.    Plaintiff repeats, re-alleges, and incorporates by reference each and all of

21  the allegations contained in paragraphs 1 through 87 of this Complaint, and by this

22  reference incorporates the same into this cause of action.

23         89.    At all times relevant hereto, Defendant AMTRAK owned, leased, operated,

24  managed, and controlled the passenger train and its associated facilities, which constitute

25  premises within the meaning of California law.

26         90.    As the owner and operator of said premises, AMTRAK owed a duty to

27  exercise reasonable care, and as a common carrier owed the highest duty of care, to

28

**COMPLAINT**

maintain the premises in a safe condition and to protect passengers and foreseeable entrants from known or reasonably knowable dangers.

91.    On September 8, 2023, AMTRAK had actual notice through passenger reports that DECEDENT was riding on the exterior of the train. Such conduct rendered the premises unreasonably dangerous and presented an imminent risk of serious injury or death.

92.    Despite this actual notice, AMTRAK failed to take any corrective action to secure the premises or to prevent foreseeable harm, including but not limited to:

a. failing to stop or slow the train to permit safe removal of DECEDENT;

b. failing to warn DECEDENT or other passengers of the risk;

c. failing to secure the exterior surfaces of the train to prevent foreseeable access by passengers;

d. failing to adopt or implement reasonable policies and procedures for responding to reports of hazardous passenger conduct; and

e. failing to provide sufficient crew training and supervision to address the hazardous use of its premises.

93.    Plaintiff is informed and believes, and thereon alleges, that AMTRAK's omissions created, maintained, and failed to remedy a dangerous condition of property that directly and proximately caused DECEDENT's fatal injuries.

94.    As a direct and proximate result of AMTRAK's premises liability, DECEDENT fell from the exterior of the train and suffered fatal injuries.

95.    Plaintiff, as the natural mother and statutory heir of DECEDENT, has thereby sustained wrongful death damages recoverable under California Code of Civil Procedure section 377.60, including pecuniary and non-pecuniary losses, funeral and burial expenses, and other damages according to proof at trial.

96.    To the extent permitted by law, Plaintiff, as successor in interest to the Estate of DECEDENT, also seeks punitive and exemplary damages under Civil Code section 3294 through the Survival Action cause of action against Defendant AMTRAK for

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

21

1    its willful, malicious, oppressive, or despicable conduct carried out with conscious

2    disregard for the safety of others.

3                          **NINTH CAUSE OF ACTION**

4                          **GROSS NEGLIGENCE**

5    **(Against Defendants AMTRAK, META, BYTEDANCE, TIKTOK, SNAP, GOOGLE,**

6                          **and DOES 1-50)**

7          97.    Plaintiff repeats, re-alleges, and incorporates by reference each and all of

8    the allegations contained in paragraphs 1 through 96 of this Complaint, and by this

9    reference incorporates the same into this cause of action.

10         98.    Under California law, gross negligence is the want of even scant care or an

11   extreme departure from the ordinary standard of conduct. (*City of Santa Barbara v.*

12   *Superior Court* (2007) 41 Cal.4th 747, 754.)

13         99.    Defendant AMTRAK, as a common carrier owing the utmost duty of care

14   under Civil Code § 2100, was placed on actual notice that DECEDENT was riding on the

15   exterior of a moving train in imminent peril. Despite this knowledge, AMTRAK's

16   employees failed to take any action whatsoever to stop, slow, warn, or otherwise

17   intervene. Such inaction in the face of known, life-threatening danger constitutes an

18   extreme departure from the standard of care and gross negligence.

19         100.   The SOCIAL MEDIA DEFENDANTS, with actual and constructive

20   knowledge that "train surfing" and similar content had caused repeated deaths and

21   catastrophic injuries, nevertheless designed, operated, and profited from platforms that

22   algorithmically promoted and glorified such content. Plaintiff is informed and believes, and

23   thereon alleges, that these Defendants affirmatively designed recommendation and

24   engagement features that increased the visibility of such content, failed to implement

25   reasonable safeguards, and deliberately prioritized user engagement and advertising

26   revenue over the safety of foreseeable users.

27         101.   The conduct of the SOCIAL MEDIA DEFENDANTS constitutes a want of

28   even scant care for the safety of their users and the public, and represents an extreme

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

departure from accepted industry standards regarding user safety, content moderation, and algorithmic control.

102.    Plaintiff is informed and believes, and thereon alleges, that the grossly negligent conduct of AMTRAK and the SOCIAL MEDIA DEFENDANTS was carried out with conscious disregard for the safety of others, including DECEDENT. To the extent permitted by law, Plaintiff, as successor in interest to the Estate of DECEDENT, seeks punitive and exemplary damages under Civil Code section 3294 through the Survival Action cause of action.

103.    As a direct and proximate result of Defendants' gross negligence, DECEDENT fell from the exterior of the AMTRAK train, suffered fatal injuries, and died.

104.    Plaintiff, as the natural mother and statutory heir of DECEDENT, has sustained wrongful death damages recoverable under California Code of Civil Procedure section 377.60, including but not limited to funeral and burial expenses, loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support, in an amount according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.    For general and special damages, according to proof at trial, including wrongful death damages recoverable under California Code of Civil Procedure section 377.60;

2.    For funeral, burial, medical, and other pecuniary losses, according to proof at trial;

3.    For lost earnings and loss of earning capacity, according to proof;

4.    For punitive and exemplary damages as permitted by law, including through the Survival Action cause of action under California Code of Civil Procedure section 377.30 and Civil Code section 3294;

5.    For injunctive and equitable relief as the Court deems just and proper to

CHAT Law Group, LLP
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

23

1    abate the ongoing public nuisance and prevent recurrence of the wrongful conduct

2    alleged herein;

3        6.   For pre- and post-judgment interest as allowed by law;

4        7.   For costs of suit herein incurred; and

5        8.   For such other and further relief as this Court deems just and proper.

DATED:  September 8, 2025         **CHAT LAW GROUP, LLP**

By: _____

      Sepideh Hersel, Esq.
      Attorney for Plaintiff,
      VERONICA VALLEJO

**COMPLAINT**

1

### **DEMAND FOR JURY TRIAL**

2          Plaintiff VERONICA VALLEJO hereby demands a trial by jury on all causes of

3    action as a matter of right.

4      DATED:  September 8, 2025                    **CHAT LAW GROUP, LLP**

5

6                                              By: _____

7                                                 Sepideh Hersel, Esq.
                                                 Attorney for Plaintiff,
8                                                 VERONICA VALLEJO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CHAT Law Group, LLP**
8383 Wilshire Blvd. Suite 655
Beverly Hills, CA 90211

**COMPLAINT**

# EXHIBIT A

# DECLARATION OF SUCCESSOR IN INTEREST

(CCP § 377.32)

I, VERONICA VALLEJO, declare:

1. I am the natural mother of decedent, DONTONIO DAMAR GRIER ("Decedent"), who died on September 8, 2023, in Northridge, California.

2. No proceeding is now pending in California for administration of the Estate of DONTONIO DAMAR GRIER.

3. I am the decedent's successor in interest, as defined in California Code of Civil Procedure section 377.11, and succeed to the decedent's interest in this action pursuant to section 377.30.

4. No other person has a superior right to commence this action or proceeding, or, if there are other successors in interest, they have consented in writing to my pursuing this action.

5. I am authorized to act on behalf of the successors in interest of DONTONIO DAMAR GRIER in this action.

6. A true and correct copy of the death certificate of DONTONIO DAMAR GRIER is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ___ day of _09/08/2025_____, 2025, at ___Tempe_____, __Arizona_____.

_Veronica Vallejo_
_____
VERONICA VALLEJO, Declarant



CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Sepideh Hersel, Esq. (SBN 226017)
CHAT LAW GROUP, LLP 8383 Wilshire Blvd., Suite 655, Beverly Hills, CA 90211
TELEPHONE NO.: 310-988-1088      FAX NO.: 310-912-6590
EMAIL ADDRESS: sepideh@chatlawgroup.com
ATTORNEY FOR *(Name):* Plaintiff, VERONICA VALLEJO

**FOR COURT USE ONLY**

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/08/2025 10:13 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By L. Galustyan, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 9425 Penfield Ave.
MAILING ADDRESS: 9425 Penfield Ave.,
CITY AND ZIP CODE: Chatsworth, CA 91311
BRANCH NAME: Chatsworth, CA 91311

CASE NAME:
VALLEJO v. NATIONAL RAILROAD PASSENGER CORPORATION, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) | [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder | 25CHCV03208 |

Filed with first appearance by defendant
(Cal. Rules of Court, rule 3.402)

JUDGE:

DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case [ ] is [x] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 9/8/25

Sepideh Hersel, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
  *(not unpaid taxes)*
Petition/Certification of Entry of
  Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE | CASE NUMBER |
|---|---|
| VALLEJO v. NATIONAL RAILROAD PASSENGER CORPORATION, et al. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.  Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.  Location where petitioner resides. |
| 2.  Permissive filing in Central District. | 8.  Location wherein defendant/respondent functions wholly. |
| 3.  Location where cause of action arose. | 9.  Location where one or more of the parties reside. |
| 4.  Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5.  Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.  Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☑ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| VALLEJO v. NATIONAL RAILROAD PASSENGER CORPORATION, et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| VALLEJO v. NATIONAL RAILROAD PASSENGER CORPORATION, et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                                        Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| VALLEJO v. NATIONAL RAILROAD PASSENGER CORPORATION, et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| VALLEJO v. NATIONAL RAILROAD PASSENGER CORPORATION, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>Lindley Avenue, south of Parthenia Street |
|---|---|
| CITY:<br>Northridge | STATE:<br>CA | ZIP CODE:<br>91325 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the  North Valley Judicial  District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 9/8/2025

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.



*Superior Court of California, County of Los Angeles*
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
RESOURCE LIST DISCLAIMER: The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Chatsworth Courthouse<br>9425 Penfield Avenue, Chatsworth, CA 91311 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>09/08/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ L. Galustyan _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>25CHCV03208 |

<u>**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**</u>

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Andrew E. Cooper | F51 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 09/09/2025
(Date)

David W. Slayton, Executive Officer / Clerk of Court

By L. Galustyan , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Chatsworth Courthouse
9425 Penfield Avenue, Chatsworth, CA 91311

PLAINTIFF:
Veronica Vallejo, natural mother and statutory heir of descendent D

DEFENDANT:
National Railroad Passenger Corporation dba Amtrak, a District of

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

09/09/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____ F. Rodriguez _____ Deputy

CASE NUMBER:
25CHCV03208

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 05/29/2026 | Time: 8:30 AM | Dept: F51 |

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: ___09/09/2025___

Judicial Officer    Andrew E. Cooper / Judge

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in __Chatsworth__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Sepideh Hersel

David W. Slayton, Executive Officer / Clerk of Court

Dated: ___09/09/2025___

By __F. Rodriguez__
Deputy Clerk

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

LASC LACIV 132 Rev. 01/23
For Optional Use

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

FOR COURT USE ONLY

COURTHOUSE ADDRESS:

Chatsworth Courthouse
9425 Penfield Avenue,  Chatsworth, CA 91311

PLAINTIFF(S)/PETITIONER(S):

Veronica Vallejo, natural mother and statutory heir of descendent Dontonio Damar Grier and successor in interest to the Estate of Dontonio Damar Grier

DEFENDANT(S)/RESPONDENT(S):

National Railroad Passenger Corporation dba Amtrak, a District of Columbia Corporation, et al.

**FILED**
Superior Court of California
County of Los Angeles
09/09/2025
David W. Slayton, Executive Officer / Clerk of Court
By: _____ F. Rodriguez _____ Deputy

## CLERK'S CERTIFICATE OF SERVICE
## BY ELECTRONIC SERVICE

CASE NUMBER:

25CHCV03208

---

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Notice of Case Management Conference of 09/09/2025**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"Hersel, Sepideh" <sepideh@chatlawgroup.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address eService-DoNotReply@lacourt.org at the Chatsworth Courthouse, 9425 Penfield Avenue, Chatsworth, CA 91311.

Dated: 09/9/2025

David W. Slayton, Executive Officer / Clerk of Court

By:  F. Rodriguez _____

Deputy Clerk

**CLERK'S CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE**

LASC CIV 310 NEW 03/25
For Mandatory Use

Code of Civil Procedure § 1013b(4)